[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Kenneth J. Slapin, Robert Slapin and Stuart Kinzler, d/b/a KSR Properties, brought a seven count amended complaint dated April 11, 2000 against the defendants, Penn Petroleum Corp. (Penn Petrol), Alvin G. Farans, Neil G. Farans, Southern Connecticut Oil Terminals, Inc. (So. Conn. Oil),[1] Seaboard Oil Corp. (Seaboard), and Texaco Refining and Marketing, Inc.[2] In the first count of their complaint, the plaintiffs allege that in 1989, as lessors, they entered into a lease of a gas station at 444 Connecticut Avenue in Westport. The lease was with Penn Petrol and was personally guaranteed by Alvin Farans and Neil Farans, principals of Penn Petrol. The lessee operated a gas station on the subject premises from 1981 to 1995. Seaboard subleased the premises from 1995 to 1997.
The plaintiffs further allege in the first count that in 1994 the lease was modified to run until 1997; that although the lease provides that CT Page 10068 Penn Petrol, the lessee, could not assign the lease without the approval of the plaintiffs, the lessors, the lessee had assigned its rights under the lease to Seaboard in 1995; and that the lessee, its assignee, Seaboard, and the two guarantors have breached the lease by refusing to pay for contamination of the site by the lessee and/or Seaboard resulting from leaking underground storage tanks.
In the second count of the complaint, the plaintiffs allege that Penn Petrol, Seaboard, and Texaco are obliged to reimburse the plaintiffs in accordance with General Statutes § 22a-452[3], the Water Pollution Control Act, for the costs they incurred in containing and removing the hazardous wastes and liquids from the site. In the third count, the plaintiffs allege that Penn Petrol, Seaboard, and Texaco were negligent in storing and disposing of the hazardous material at the subject site and that the plaintiffs have been damaged monetarily as a result. The plaintiffs claim in the fourth count that the corporate defendants violated General Statutes §§ 22a-427[4] and 22a-430[5] by discharging contaminants and pollutants into the waters of this state without a permit, and were thus negligent per se. The plaintiffs further allege in the fifth count that the corporate defendants, except Texaco, violated the federal Oil Pollution Act of 1990 by discharging oil into the navigable waters of the United States. In the sixth count, the plaintiffs contend that as private citizens they have the right of contribution under the Oil Pollution Act from the corporate defendants, except Texaco, because of costs the plaintiffs incurred in cleaning up the pollution and contaminants at the subject premises.
On the short calendar of April 29, 2002 (col. 8, pos. 82), three motions appeared, viz., numbers 142, 143 and 148. Motion 142 is an objection by the plaintiffs to a motion dated December 22, 2000 (#137) filed by the defendants Penn Petrol and the Farans, seeking to strike the fourth count of the amended complaint. Motion 143 is an objection by the plaintiffs to a similar motion to strike filed by Texaco and dated December 26, 2000 (#139). Motion 148, filed February 7, 2002, is an objection by the plaintiffs to a similar motion to strike the fourth count filed by Seaboard and dated January 9, 2001 (#146).
The three motions to strike by the defendants and the objections thereto by the plaintiffs all relate to the fourth count of the amended complaint which contends that a violation of General Statutes §§ 22a-427
and 22a-430 of the Water Pollution Control Act, General Statutes §22a-416 et seq., gives rise to negligence per se on the part of the defendants.
The parties have filed very comprehensive briefs citing numerous case, state and federal, indicating a definite and wide split of authority in CT Page 10069 the Superior Court, and no appellate authority, regarding the propriety of the plaintiffs' claim that the Water Pollution Control Act gives them the right to pursue a private cause of action. The plaintiffs characterize their fourth count as a negligence per se cause of action on the theory that those sections of the Water Pollution Control Act establish a standard of care.
This court believes that the cases granting similar motions to strike are the better reasoned but declines to so rule in this case. The reason is that when faced with such a wide split of authority with many cases on each side of the proposition, it seems to make better sense to leave this count in the complaint and not to strike it. If a jury case, the jury judge can charge out the fourth count, or in a court case the judge can refuse to award damages on the negligence per se theory. In addition, there is always the possibility that before this case comes to trial, an appellate court will issue a definitive ruling. Therefore, the motions to strike are denied.
Motion to strike #142 is granted as to the prayer for relief which simply states that the plaintiffs seek "legal expenses and court costs" (as well as "costs"). There must be some authority for such a claim, a statute or a contractual provision. If the plaintiffs wish to pursue this claim they will have to file an amended prayer for relief citing authority for the payment of attorneys' fees.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of August, 2002.
William B. Lewis, Judge(T.R.)